# United States District Court
# Central District of California

| | |
|---|---|
| ALLAN BLACK, CHRISTOPHER JONES, ROGER WATTS, and ROBERT MATOS RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZEN SUNSHINE TECHNOLOGY DEVELOPMENT, LTD, ACUMEN ROBOT INTELLIGENCE, INC., SAM TSU, D/B/A ONAGOFLY, and DOES 1-100,<br><br>Defendants. | Case № 2:17-CV-02370-BRO-JEM<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM L.R. 23-3 REGARDING DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION [26]; AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [21]** |

## I. INTRODUCTION & PROCEDURAL BACKGROUND

On March 27, 2017, Allan Black, Christopher Jones, Roger Watts, and Robert Matos Rivera ("Plaintiffs") filed this putative class action alleging claims for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) common law fraud; (5) violation of California Business & Professions Code 17200, *et seq.*; (6) violation of California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (7) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; (8) violations of the Michigan Consumer Protection Act, Mich. Comp. L. § 445.901, *et*

*seq.*; (9) violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325F, *et seq.*; and (10) unjust enrichment/restitution. (*See generally* Compl., ECF No. 1.)

On May 22, 2017, the Court issued an Order to Show Cause ("OSC") as to why the case should not be dismissed for lack of subject matter jurisdiction in light of inconsistent allegations in the Complaint regarding the amount in controversy, as it relates to the Class Action Fairness Act ("CAFA"). (ECF No. 15.) On May 25, 2017, Plaintiffs filed a response to the OSC explaining that there was a typographical error, and that the Court had jurisdiction pursuant to CAFA because the amount in controversy exceeded $5,000,000. (ECF No. 16.)

On May 26, 2017, Plaintiffs filed their First Amended Complaint ("FAC") alleging substantively identical claims, but correcting the typographical error. (ECF No. 17.) On July 27, 2017, Defendant Acumen Robot Intelligence, Inc. ("Acumen") moved to dismiss the FAC. (ECF No. 21.) No other defendants have appeared. On August 21, 2017, Plaintiffs moved for relief from Local Rule 23-3, which sets the deadline for moving for class certification. (ECF No. 26.) Before the Court are both Motions.

## II. FACTUAL BACKGROUND

Plaintiffs claim they suffered damages as a result of Defendants' "deceptive, fraudulent, and illegal practices relating to the national marketing and sale of the Onagofly drone marketed as Onagofly F115." (FAC ¶ 1.) Plaintiffs allege that, despite representations made by Defendants regarding the specifications of the drone and its component parts, the actual product contained subpar components consisting of a less powerful battery, lower resolution camera, and faulty GPS applications, among other things. (*Id.* ¶ 3.) Each Plaintiff is a resident of a different state, and claims to have purchased the drone by "making a 'contribution' payment through the www.indiegogo.com website." (*Id.* ¶¶ 5–8.) Plaintiffs allege that Defendant Acumen—the only defendant to have appeared in this action—is the manufacturer and

seller of the Onagofly drone. (*Id.* ¶ 10.) Plaintiffs seek to represent a class of "[a]ll persons who purchased an Onagofly drone and/or its accessories within the applicable statute of limitations preceding the filing of this action through the present." (*Id.* ¶ 75.)

### III. DISCUSSION

**A. Motion for Relief from Local Rule 23-3**

Plaintiffs filed a two-page Motion on August 21, 2017 seeking relief from the Central District's Local Rule 23-3, which requires a plaintiff to move for class certification within 90 days of "service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995." *See* C.D. Local Rule 23-3; (ECF No. 26.) Acumen filed its Opposition to this Motion on September 1, 2017. (ECF No. 30.) Acumen claims: 1) it was not given proper notice of the Motion; 2) Plaintiffs failed to meet and confer at least 7 days prior to filing the Motion, as is required by Local Rule 7-3; and 3) Plaintiffs provide no justification for their failure to comply with Local Rule 23-3. (Opp'n 2.)

*1. Notice*

Plaintiffs' Motion does not contain a notice of motion and was filed on August 21, 2017, which was 42 days before the date set for hearing of October 2, 2017, as reflected on the docket. (*See* ECF No. 26.) Plaintiffs were only required to provide 28-days' notice. C.D. Local Rule 6-1. Acumen claims it is "completely at a loss as to when plaintiffs' motion is scheduled." (Opp'n 2.) While Plaintiffs failed to comply with the Local Rules by not setting forth the date, time, and location of the hearing in a notice of motion, Acumen should have easily been able to identify the hearing date by looking at the Court's docket, which specifically lists those details. (ECF No. 26.) This argument is meritless.

*2. Failure to Meet & Confer*

Local Rule 7-3 requires the parties to meet and confer at least 7 days in advance of the filing of any motion. A party must also include in its motion a statement

indicating that such a conference occurred, specifically stating the date that it occurred. C.D. Local Rule 7-3. Plaintiffs contend in their Motion that they communicated the need for relief from Local Rule 23-3, "but did not receive any timely response from counsel for the Defendant." (Mot. 3.) Acumen claims that Plaintiffs' counsel sent an email to defense counsel the same day Plaintiffs filed the Motion, but Acumen provides no copy of the email or other evidence. (Opp'n 2.) It is difficult for the Court to determine the exact timing of events, but the parties both admit there was no meaningful conference of counsel. (Mot. 3; Opp'n 2.) Such a disregard for the Local Rules is careless and concerning, but does not merit denial of the Motion on that basis alone.

### 3. *Failure to Provide Justification for Relief*

Plaintiffs claim that the parties were initially in "substantive settlement discussions" and agreed to enter into a series of stipulations to extend Acumen's time to respond to the Complaint and later the FAC. (Mot. 2.) Because of these stipulations, Plaintiffs claim the parties have not engaged in any meaningful discovery and that any motion for class certification would be premature. (Mot. 3.) Plaintiffs essentially ask this Court to provide relief from the deadlines set forth in the Local Rules, which Plaintiffs were advised to familiarize themselves with in the Court's Standing Order Regarding Newly Assigned Cases ("Standing Order"), because they were betting the case would settle. (ECF No. 7.)

In their Motion, Plaintiffs do not even include the date their motion for class certification is due to be filed, nor have they filed a proof of the service of the Complaint, as is required by the Standing Order and the Local Rules. (ECF No. 7;) C.D. Local Rule 5-3.1. Therefore, the Court is forced to piece together this deadline from information on the docket.

On June 19, 2017, the parties filed a Stipulation to Extend Time to File Responsive Pleading to First Amended Complaint, and noted that Acumen's response to Plaintiffs' "Complaint was originally [due] June 13, 2017." (ECF No. 18.) A party

4

has 21 days from service of the summons to respond to the Complaint, unless otherwise extended by stipulation or court order. Fed. R. Civ. P. 12(a)(1)(A)(i). Based on this, the Court calculates that Plaintiffs served Acumen on May 23, 2017— 21 days before Acumen's responsive pleading was due according to the parties' Stipulation. (*See* ECF No. 18.) Plaintiffs' deadline to file a motion for class certification fell on August 21, 2017, which is 90 days after Plaintiffs served Acumen with the Complaint, and the day Plaintiffs filed this Motion. C.D. Local Rule 23-3; (ECF No. 26.) Plaintiffs provide no justification for not complying with this deadline other than the fact that they were engaged in "meaningful settlement discussion, but have not exchanged any discovery to date." (Mot. 3.)

"Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dept. of Energy*, 971 F.3d 1113, 1131 (9th Cir. 2012) (citing *Grove v .Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)). Local rules are the "laws of the United States," and are valid unless inconsistent with the Federal Rules of Civil Procedure. *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995). Plaintiffs cite *Balser v. Hain Celestial Group, Inc.*, where the Ninth Circuit noted, in dicta and in an unpublished decision, that "the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside the federal rules regarding status conferences and the timing of discovery, is quite unrealistic…." 640 Fed. App'x 694, 696 (9th Cir. 2016) (unpublished). *Balser* does not vitiate Rule 23-3's requirement that within 90 days of serving a pleading starting a class action, "the proponent of the class *shall* file a motion for certification…." C.D. Local Rule 23-3 (emphasis added). The Ninth Circuit has repeatedly rejected attempts to invalidate Local Rule 23-3. *See, e.g.*, *Perez v. Safelite Grp. Inc.*, 553 Fed. App'x 667, 668–69 (9th Cir. 2014) ("[P]laintiff's challenge to Central District of California Local Rule 23–3 is without merit ...."); *Archila v. KFC U.S. Properties, Inc.*, 420 Fed. App'x 667, 668 (9th Cir. 2011) ("[Plaintiff's] arguments that the [Local Rule 23–3] 90–day deadline violates his due

process rights and conflict with the Federal Rules of Civil Procedure have no merit."); *Parker v. FedEx Nat. LTL, Inc.*, No. CV 11–638 DSF (FFMx), 2011 WL 11671754, at *9 (C.D. Cal. Apr. 11, 2011) (citing *Watson v. Schwarzenegger*, 347 Fed. App'x 282, 284–85 (9th Cir. 2009)).

Here, Plaintiffs' provide no valid reason to extend the deadline for class certification. If Plaintiffs were in legitimate settlement talks with Acumen, they should have sought an extension of the deadline, or filed a stipulation to continue it, in advance of the deadline—not on the day the motion for class certification was due, and without following the proper procedures for doing so. Plaintiffs' half-hearted attempt at seeking relief from a mandatory deadline without any reasonable justification is not enough. Under these circumstances, the Court finds no good cause to extend Plaintiffs' deadline, and **STRIKES** the class allegations. *See, e.g.*, *Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 849 n.4 (9th Cir. 2002) (noting, as an independent grounds for dismissal, plaintiffs' failure to comply with class certification deadline); *Burkhaltker v. Montgomery Ward and Co., Inc.*, 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's dismissal of class allegations for failure to meet deadline for filing motion for class certification); *see also c.f. Rocha v. Yoshinoya West, Inc.*, No.: CV 06-00487 MMM (AJWx), 2007 WL 8398819, at *3 (C.D. Cal. Jan 8, 2007) (citing and quoting *Lyon v. State of Arizona*, 80 F.R.D. 665, 667 (D. Ariz. 1978)) ("Plaintiffs' failure to seek class certification in a timely fashion is a strong 'indic[ation] that plaintiffs are not adequately and fairly representing the interests of the absent class.").

**B.  Subject Matter Jurisdiction**

As set forth in the Court's OSC on May 22, 2017, federal courts are courts of limited jurisdiction, and must determine their own jurisdiction, even when there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). In response to the Court's OSC, Plaintiffs claimed this Court has subject matter jurisdiction based on CAFA. (ECF No. 16.) Under CAFA, a federal district court has jurisdiction where

the proposed class is made of more than 100 members, has minimum diversity, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). Here, because the Court struck Plaintiffs' class allegations for failure to comply with Local Rule 23-3, Plaintiffs no longer have a basis for subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction…may be raised by a party, or by a court on its own initiative, at any stage in the litigation…."). Accordingly, because the Court lacks subject-matter jurisdiction, the Court **DISMISSES** Plaintiffs' FAC.

**C.     Acumen's Motion to Dismiss**

The Court **DENIES** Acumen's Motion to Dismiss as moot.

### IV.     CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion (ECF No. 26), **STRIKES** the class allegations in Plaintiffs' FAC, and **DISMISSES** Plaintiffs' FAC for lack of subject matter jurisdiction. The Court **DENIES AS MOOT** Acumen's Motion to Dismiss. (ECF No. 21.)

**IT IS SO ORDERED.**

September 29, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**